# UNITED STATES DISTRICT COURT
## FOR THE
## DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| FARYAL INAYAT;<br>  6 Elbridge Court<br>  South Setauket, NY 11720<br><br>INAYAT ULLAH KHAN;<br>ISMAT ULLAH;<br>  House F-40 St 6 Canal Town<br>  Nasir Bagh Rd Peshawar University<br>  Peshawar Khyber Pakhtunkhwa, Pakistan<br><br>        Petitioner(s)<br><br>      v.<br><br>MIKE POMPEO, in his official capacity,<br>Secretary, U.S. Department of State;<br>  U.S. Department of State<br>  2201 C St. NW<br>  Washington, DC 20520<br>WILLIAM P. BARR, in his official capacity,<br>Attorney General, Office of Attorney General,<br>U.S. Department of Justice;<br>  950 Pennsylvania Avenue, NW<br>  Washington, DC 20530-0001<br>CARL C. RISCH, in his official capacity,<br>Assistant Secretary, Bureau of Consular<br>Affairs;<br>PAUL W. JONES, in his official capacity,<br>Chargé d'Affaires, United States Embassy,<br>Islamabad, Pakistan;<br>JOHN DOE, in his official capacity, Consular<br>Officer, U.S. Embassy, Islamabad, Pakistan,<br>  U.S. Department of State<br>  2201 C St. NW<br>  Washington, DC 20520<br><br>      Respondent(s). | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Civil Action No **1:20-cv-00971**<br><br><br><br><br><br>**PETITIONERS' ORIGINAL<br>COMPLAINT<br>FOR WRIT IN THE NATURE OF<br>MANDAMUS AND<br>DECLARATORY JUDGMENT** |

1

Hashim G. Jeelani, Attorney for Petitioners, JEELANI LAW FIRM, PLC, 28411 Northwestern Hwy, Suite 875, Southfield, Michigan 48034, Ph: 248-850-7841, Facsimile: 248-714-4312, Email: hashim@jeelani-law.com.

## INTRODUCTION

COME NOW FARYAL INAYAT, (hereinafter "INAYAT" or collectively "Petitioners") INAYAT ULLAH KHAN, (hereinafter "KHAN" or collectively "Petitioners") and ISMAT ULLAH, (hereinafter "ULLAH" or collectively "Petitioners") the Petitioners, by and through the undersigned attorney, in the above cause, and state as follows:

1.      This action is brought as a result of Respondents' failure to adjudicate KHAN's and ULLAH's Immigrant Visa Applications (hereinafter "Applications") within a reasonable period of time. KHAN and ULLAH, are the father and mother, respectively, of Petitioner INAYAT, a U.S. citizen.   Petitioners' Applications have been pending in a period of administrative processing for a period of over 8 months without any action by the United States Embassy in Islamabad, Pakistan. In these 8 months, no further requests for information or documents have been made by the Embassy.  Petitioners have a clear right to adjudication of the Applications in a timely manner. The final adjudication of the Applications is a ministerial, nondiscretionary task that Respondents must perform within a reasonable period of time. 5 U.S.C. §555(b).

2.      Respondents are in violation of the Administrative Procedures Act, 5 U.S.C. § 701 et seq. As such, this action is brought to compel Respondents and those acting under them to take action on the Application.

## PARTIES

3.      Petitioner INAYAT is a resident of Suffolk County, New York, and a U.S. citizen.  She is the petitioner of approved visa petitions (Form I-130) allowing beneficiary qualification for immigrant visas to be issued for her parents, ULLAH and KHAN.

4.      Petitioner KHAN is a citizen of Pakistan and the beneficiary of an approved I-130 by virtue of his relationship to his U.S. citizen daughter, INAYAT. KHAN is also an immigrant visa applicant in this matter.

5.      Petitioner ULLAH is a citizen of Pakistan and the beneficiary of an approved I-130 by virtue of her relationship to her U.S. citizen daughter, INAYAT. ULLAH is also an immigrant visa applicant in this matter.

6.      Respondent Michael R. POMPEO is the duly appointed Secretary of the United States Department of State (hereinafter "DOS").  He is the head of the Department of State and is responsible for setting and overseeing implementation of the policies and procedures employed by the U.S. Department of State and all its various subdivisions, including the Bureau of Consular Affairs, U.S. Embassies   This action is filed against him in his official capacity.

7.      Respondent William P. BARR is the Attorney General of the United States; he is an official generally charged with supervisory authority over all operations of the Department of Justice (hereinafter "DOJ") under 28 C.F.R. § 0.5.  This action is filed against him in his official capacity.

8.      Respondent Carl C. RISCH is the Assistant Secretary of State for Consular Affairs. Assistant Secretary RISCH is responsible for setting and overseeing implementation of the policies and procedures employed by the Bureau of Consular Affairs.  This action is filed against him in his official capacity.

9.      Respondent Paul W. JONES is the Chargé d'Affaires of the United States Embassy in Islamabad, Pakistan.  He is the principal officer in charge of the Embassy.  This action is filed against him in his official capacity.

10.     Respondent John DOE is a Consular Officer at the United States Embassy in Islamabad, Pakistan. This action is filed against him in his official capacity.

## JURISDICTION AND VENUE

11.     This Court has jurisdiction to hear this complaint and the claims stated herein by virtue of 28 U.S.C. §§ 1331, § 1361 and §2201 because this is a federal mandamus action brought to compel Respondents to perform their statutory duties owed to the Petitioners. This Court has additional jurisdiction by virtue of the Administrative Procedures Act, 5 U.S.C. § 701, *et seq.,* because Petitioners are seeking judicial review of inaction by one or more of the Respondents.

12.     Venue is proper in the District Court for the District of Columbia pursuant to 28 U.S.C. § 1391(e) in that this is the district in which one of the Defendants resides.

## EXHAUSTION OF REMEDIES

13.     The Petitioners have repeatedly requested the Respondents to make a final decision on Petitioners' Applications.  Further, Petitioners have initiated numerous inquiries with the United States Embassy in Islamabad, Pakistan without any resolution. The Petitioners have exhausted their administrative remedies. Petitioners have supplied the United States Embassy in Islamabad, Pakistan with documents that establish their eligibility to receive an immigrant visa to come to the U.S. as permanent residents.

14.     There are no further administrative remedies available for Petitioners to utilize.

## FACTUAL ALLEGATIONS

15.     On January 16, 2018, Petitioner KHAN became the beneficiary of an approved I-130 (Receipt# SRC-1790-59-5376), Petition for Alien Relative.  The approval of this petition allows KHAN to pursue a visa application with the Department of State (DOS).

16.     On February 16, 2018, Petitioner ULLAH became the beneficiary of an approved I-130 (Receipt# SRC-1790-59-5584), Petition for Alien Relative.  The approval of this petition allows ULLAH to pursue a visa application with the Department of State (DOS).

17.     On February 20, 2019, Petitioner KHAN appeared for his immigrant visa interview with the United States Embassy in Islamabad, Pakistan [NVC CASE# ISL 2018 614 042].

18.     On February 19, 2019, Petitioner ULLAH appeared for her immigrant visa interview with the United States Embassy in Islamabad, Pakistan [NVC CASE# ISL 2018 635 011].

19.     After their interviews, both KHAN's and ULLAH's passports were taken by Officer JOHN DOE of the United States Embassy in Islamabad, Pakistan.

20.     Shortly after the interviews of KHAN and ULLAH, the United States Embassy in Islamabad, Pakistan made an email request for information of the Petitioners.  KHAN and ULLAH complied with the request and responded completely by July 21, 2019.

21.     Since responding to the request for information by July 21, 2019, the United States Embassy in Islamabad, Pakistan has made no further requests for information or evidence.

22.     Since filing the responses, Petitioners have made numerous requests with the United States Embassy in Islamabad, Pakistan to adjudicate KHAN's and ULLAH's Application. **[EXHIBIT A].**

23.     Petitioners' inquiries have resulted in continuous responses from the U.S. Embassy in Islamabad, Pakistan stating that the Petitioners' Applications were undergoing administrative processing and will take an unknown period of time.  **[EXHIBIT B].**

5

24.     As of this date, the Department of State's online case status system now confusingly states that the Petitioners' visa Applications are "EXPIRING SOON" in the title of the status; however, the body of the text states that the "application for visa has been canceled" on the basis of the clearly erroneous conclusion that the Petitioners failed to apply for their immigrant visas within one year of being advised to do so. **[EXHIBIT C].**

25.     Petitioners' Applications now continue to be in an administrative processing status with the United States Embassy in Islamabad, Pakistan for over 8 months.

26.     The Department of State, and the U.S. Embassy in Islamabad, Pakistan refuse to allege an average processing time for Immigrant Visa Applications.  Moreover, the aforementioned agencies refuse to provide further explanation which would merit the need for over 8 months of processing time.

27.     Petitioners have endured significant financial, emotional, and medical hardships as a result of the unreasonable period of time that Petitioners' cases have been in administrative processing.

**VIOLATION OF THE APA**

28.     All prior paragraphs are re-alleged as if fully stated herein.

29.     Petitioners have a statutory right to apply for an immigrant visa pursuant to 8 U.S.C. § 1153.

30.     Respondents have a duty to adjudicate Petitioners' Applications within a reasonable period of time under 5 U.S.C. §555(b) and 22 CFR § 42.81.

31.     The duty owed to Petitioners is ministerial and so plainly prescribed as to be clear and free from doubt.

32.     No other adequate remedy is available to Petitioners.

33.     Respondents have conducted the initial investigation and have sufficient information and documentation about Petitioners to adjudicate the Applications.

34.     Given the Respondents' lack of a reason for not making a decision on Petitioners Application for over 8 months, Petitioners' Applications have been pending for an unreasonably long period of time.

35.     Respondents have failed in their statutory duty to adjudicate the Applications in a reasonable time.

36.     Respondents have violated the Administrative Procedures Act, 5 U.S.C. § 701 et seq., as they are unlawfully withholding action on Petitioners' Applications and have failed to carry out the adjudicative functions delegated to them by law with regard to Petitioners' cases.

37.     Respondents' delay in this case is, as a matter of law, arbitrary, in violation of Petitioner INAYAT's due process rights pertaining to her familial choices, and not in accordance with the law. Respondents have willingly and unreasonably delayed and have refused to adjudicate Petitioners' Applications, thereby depriving Petitioners' of the rights to which they are entitled.

38.     In addition, as a result of this delay, Petitioners have incurred enormous costs and now significant attorney's fees; in effect, their entire lives are on hold due to Respondents' inaction.

## PRAYER FOR RELIEF

WHEREFORE, the Petitioners respectfully pray:

1. That the Respondents be cited to appear herein and that, upon due consideration, the Court enter an order mandating a time certain to adjudicate the Applications.

2. In the alternative, that the Court compel Respondents, and those acting under them, to perform their duty to adjudicate the Applications immediately.

7

3. Finally, that the Court award reasonable attorney's fees under the Equal Access to Justice Act, 5 U.S.C. § 504, and such other and future relief as this Court deems proper under the circumstances.

Date:  April 13, 2020                          Respectfully submitted,

                                           /s Hashim G. Jeelani

**Hashim G. Jeelani, Esq. (MI0081)**
**JEELANI LAW FIRM, PLC**
**28411 Northwestern Hwy, Suite 875**
**Southfield, MI 48034**
**hashim@jeelani-law.com**
**Phone:(248) 850-7841**
**Fax:(248) 714-4312**
***Counsel for Petitioners***